NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
_____

ROBERT A. HULL,                                :
                                               :
       Petitioner,                         :        Civil Action No. 11-07332 (SRC)
                                               :
v.                                             :
                                               :
UNITED STATES OF AMERICA,                      :
                                               :
                                               :              **OPINION**
       Respondent.                         :
_____

**CHESLER,** District Judge

    Robert Hull, a pro se petitioner ("Petitioner"), has moved to vacate, set aside, or modify his

sentence pursuant to 28 U.S.C. § 2255.  The Petitioner argues that his sentence is excessive and

claims he has been provided ineffective assistance of counsel.  See Hull v. United States, Civil

No. 11-7332, ECF Document #7, filed on Feb. 20, 2012.  Petitioner requests an evidentiary

hearing addressing his claims.  Id.

    The Government moves to dismiss the Petition on various grounds.  See Hull v. United

States, Civil No. 11-7332, ECF Document #19, filed on July 2, 2012.  This Court has considered

the papers filed by both parties and, for the reasons set forth below, denies the Petition without

an evidentiary hearing.[1]

_____

[1] No evidentiary hearing is warranted because Petitioner's arguments are frivolous and
Petitioner is not entitled to relief.  See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); see
also Solis v. United States, 252 F. 3d 289, 295 (3d Cir. 2001) ("a defendant [is] not entitled to a
hearing if his allegations [are] contradicted conclusively by the record, or if the allegations [are]
patently frivolous"); United States v. Essig, 10 F.3d 968, 976 (3d Cir.1993) (only when a § 2255
petition raises an issue of material fact, "the district court must hold a hearing to determine the

## I.    BACKGROUND

On February 16, 2006, Petitioner was indicted for possession of material containing images of child pornography, a crime he committed in 2002.[2]  Petitioner was not arrested for possession of child pornography until February 18, 2010 because he was serving a state sentence for an unrelated crime at the time of the indictment.  On January 26, 2011, Petitioner pled guilty. Petitioner pled directly to the charged offense and there was no plea agreement.  See Transcript of the Plea Hearing at p. 9.

Petitioner and his counsel had the opportunity to examine a Presentence Investigation Report before the sentencing proceeding.  See Transcript of the Sentencing Proceeding at p. 3. The Presentence Investigation Report indicated that the total offense level was 18 and Petitioner had a criminal history category of IV.  The report indicated that Sentencing Guideline range for the offense was thus 41-51 months.  This Court sentenced the Petitioner on June 23, 2011 to 30 months imprisonment, three years of supervised release, a condition that Petitioner participate in a residential reentry center for a period of twelve months of the term of supervised release, and a $100 special assessment fee.  See Transcript of the Sentencing Proceeding at p. 7-10.  During the sentencing, this Court informed the Petitioner of his right to appeal the sentence.  Id. at 11.

_____

truth of the allegations"); accord Brown v. United States, 45 F. App'x 92, 95 (3d Cir.2002) ("if [the claim] is nonfrivolous [but] fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then [the claim] does not merit a hearing").

[2]  Petitioner pled to the following one-count indictment: "On or about October 16, 2002, in Mercer County, in the District of New Jersey and elsewhere, defendant, ROBERT HULL, did knowingly possess more than three magazines, films, videotapes, computer disks, and other material containing images of child pornography, as that term is defined in Title 18, United States Code, Section 2256(8)(A), each of which has been mailed and shipped and transported in interstate and foreign commerce by any means, including computer, in violation of Title 18, United States Code, Sections 2252(a)(5)(B) and (2)."  See United States v. Hull, Criminal No. 06-120 ECF Document #1, filed on Feb. 16, 2006.

The Petitioner, through his counsel, then filed a Motion for Reconsideration to reduce his term in a residential reentry center from twelve to six months.  See United States v. Hull, Criminal No. 06-120 ECF Document #25, filed on July 1, 2011; United States v. Hull, Criminal No. 06-120 ECF Document #26, filed on July 6, 2011.  This Court denied the Petitioner's application.  See United States v. Hull, Criminal No. 06-120 ECF Document #28, filed on Sept. 7, 2011. [3]

On December 15, 2011, Petitioner filed the initial § 2255 motion for relief that gave rise to the instant matter.  See Hull v. United States, Civil No. 11-7332, ECF Document #1, filed on Dec. 15, 2011.  Petitioner was advised that under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), an incarcerated person convicted in federal court must make a petition under § 2255 setting forth all the potential claims which he or she wishes the court to review.  See Hull v. United States, Civil No. 11-7332, ECF Document #2, filed on Jan. 6, 2012.  In response, Petitioner withdrew his initial § 2255 motion, see Hull v. United States, Civil No. 11-7332, ECF Document #4, filed on Feb. 3, 2011, and filed a Motion for Adjustment in which he requested copies of the judgment of conviction.  See Hull v. United States, Civil No. 11-7332, ECF Document #5, filed on Feb. 6, 2012.  Petitioner then filed two additional motions, requesting court-appointed counsel for his habeas petition and moving to amend his sentence.  See Hull v. United States, Civil No. 11-7332, ECF Document #8, filed on Feb. 17, 2012.  This Court issued

---

[3]  Petitioner's Motion for Reconsideration argued that a twelve-month term in a residential reentry center "sends the wrong message about how the judiciary views [Petitioner]" and places an "undue psychological burden on him."  This Court determined that Petitioner's claims lacked merit and that the twelve-month term was necessary for Petitioner's re-entry to society after incarceration.  See United States v. Hull, Criminal No. 06-120 ECF Document #28, filed on Sept. 7, 2011.  Thus, this Court denied Petitioner's application to modify his sentence.

an order on February 28, 2012, denying the Petitioner's request for counsel.[4]  See Hull v. United States, Civil No. 11-7332, ECF Document #12, filed on Feb. 28, 2012.  The order also deemed Petitioner's three motions filed in Docket Entries 7, 9, and 11 as collective components of Petitioner's all-inclusive § 2255 habeas petition.  See Hull v. United States, Civil No. 11-7332, ECF Document #12, filed on Feb. 28, 2012.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence if the prisoner is "in custody under sentence of a court established by Act of Congress" and if he claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...."  28 U.S.C. § 2255.  The petitioner in this case is considered in "custody" because he is serving a term of a supervised release.  Ajao v. United States, 256 F. App'x 526, 527 (3d Cir. 2007) (citing United States v. Sandles, 469 F.3d 508, 517 (6th Cir. 2006)); see also Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (finding custody requirement met where petitioner was on parole at time of petition).  Petitioner is also a pro se litigant.  In contrast to a pleading

---

[4]  The Court's decision to appoint pro bono counsel is guided by the framework stated in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), "which first requires a court to consider the threshold question of whether the litigant's case has arguable merit in fact or law," followed by consideration of the following factors: "(1) the plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the plaintiff's ability to retain counsel on his own; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony."  Woodham v. Dubas, 2006 U.S. App. LEXIS 12556 at *4 (3d Cir. 2007).  Petitioner's claims failed to persuade the Court that his counsel was ineffective or that his sentence was excessive.  Furthermore, Petitioner's presentation of his case contained formal legal citations and arguments without assistance of counsel.  Given that Petitioner's case lacks merit in law and in fact and Petitioner was able to present his case, Petitioner was denied pro bono counsel.

filed by a lawyer, a pro se pleading is held to less stringent standards and construed with a measure of tolerance.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  Nevertheless, § 2225 motions are "generally available only in exceptional circumstances to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (emphasis added) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).[5]  Even applying a generous standard to the pro se pleading, the Court finds that the Petition must be denied.

### A.   Failure to Raise Arguments on Direct Appeal

Petitioner was informed by this Court of his right to appeal his sentence during the sentencing hearing but did not do so.  Now, he challenges his sentence on collateral review.  A defendant must directly appeal before filing a § 2255 motion unless the petitioner shows both "cause" for why he did not directly appeal and that he or she suffers "actual prejudice" as a result of the issue under scrutiny.  United States v. Frady, 456 U.S. 152, 167-168, 102 S. Ct. 1584, 1592-93, 71 L. Ed. 2d 816 (1982).  In Frady, the Court discussed the goals of judicial efficiency and respect for the trial system in setting forth the "higher hurdle" that prisoners face in attaining collateral relief than in gaining a chance to directly appeal.  Id. at 164-166.  The Court held that a

---

[5]  Petitioner claims that his sentence is excessive.  If a defendant claims that a sentence is excessive when the sentence is actually within the range of the Sentencing Guidelines, there has been no fundamental miscarriage of justice and no constitutional error of law.  United States v. Addonizio, 424 U.S. 178, 187 (1979); see also United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2007) (holding that a misapplication of the Sentencing Guidelines is also not a constitutional error).  Here, this Court imposed a sentence much lower than that recommended by the Sentencing Guidelines.  Given that there is no fundamental miscarriage of justice or constitutional error of law if the sentence is within the Sentencing Guidelines or even if the Sentencing Guidelines are misapplied, there is no fundamental miscarriage of justice or constitutional error of law if the sentence is well below the range in the Sentencing Guidelines.

mere "possibility of prejudice" is not enough to show an error at trial, but there must be proof of "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id.; see also Hill, 368 U.S. at 429 (holding that Congress created an organized system of raising appeals to the appropriate Circuit Court of Appeals if there was no fundamental miscarriage of justice).

The purpose of federal habeas corpus review is to provide defendants with a federal forum to fully and fairly litigate their constitutional claims, not to require a federal court to second-guess itself in a "wasteful duplication of the federal judicial review process." United States v. Palumbo, 608 F.2d at 532-533 (3d Cir. 1979). In Winthrow v. Williams, 507 U.S. 680 (1993), Justice Scalia explained that "a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim." 507 U.S. at 721 (1993) (Scalia, J., concurring). Furthermore, Justice Scalia stated that "if the claim was not raised [on direct review], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing considerations (e.g., actual innocence or cause and prejudice)." Id. at 721.

Here, the Petitioner was fully and fairly heard in federal court when he entered his guilty plea and appeared for his sentencing hearing. See Transcript of Plea Hearing at p. 7-9. Petitioner had an adequate opportunity to review the Presentence Investigation Report. See Transcript of Sentencing Proceeding at p. 3. This Court informed the Petitioner of his right to appeal his sentence, but Petitioner did not directly appeal his sentence within the time period allotted. Id. at p. 11.[6] Petitioner pled guilty and thus does not assert actual innocence.

---

[6] This Court is not permitted to instruct Petitioner on how to properly raise his claim. See Toolasprashad v. Wright, 2008 U.S. Dist. LEXIS 90220, 2008 WL 4845306 (D.N.J. Nov. 3, 2008) (observing that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants" (quoting Pliler v. Ford, 542 U.S. 225, 231–32, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004))).

Furthermore, Petitioner does not explain any cause for why he did not appeal or how he suffered actual prejudice.  Therefore, Petitioner does not meet the high hurdle in attaining collateral relief and he is precluded from collateral attack of his sentence.

> **B.**     **Ineffective Assistance of Counsel Argument**

Petitioner raises a claim of ineffective assistance of counsel.  The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), set forth a two-part test to establish when a petitioner's Sixth Amendment right to effective assistance of counsel has been violated.

Under the first prong of the test, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  The petitioner must show "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms."  United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999).  Furthermore, "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.

Under the second prong, "the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  The Strickland Court asserted that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  Id. at 692.  Rather, the petitioner must demonstrate that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result

of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The convicted defendant must show both unreasonableness and prejudice and thus bears a heavy burden in making an ineffective assistance of counsel claim.  Id. at 689-90.  The Court must be "highly deferential" to counsel's assistance because "[i]ntensive scrutiny of counsel and rigid requirements for acceptance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of cases, and undermine the trust between attorney and client." Id. at 689-690.  The Court thus adheres to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 698; see also George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).  "[I]t is 'only the rare claim of ineffectiveness of counsel that should succeed.'" Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999) (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

### 1.    Petitioner's Mental Illness Argument

Petitioner argues that his attorney was unreasonable because he did not emphasize Petitioner's diagnoses of paranoid schizophrenia and post-traumatic stress disorder.  See Hull v. United States, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 24.  Petitioner asserts that the Court's acknowledgement of his diagnoses could have reduced his sentence.  Id.

This Court has, however, acknowledged Petitioner's mental illness throughout the entire case.  In August 2010, this Court ordered Petitioner to be evaluated in a competency hearing. See United States v. Hull, Criminal No. 06-120 ECF Document #18, filed on August 30, 2010. This Court acknowledged the results of the evaluation at the plea hearing, when it discussed the psychologists' confirmation of Petitioner's diagnoses.  See Transcript of Plea Hearing at p. 3. Furthermore, this Court discussed the psychologist's conclusion that Petitioner was competent to

stand trial at the plea hearing.  Id.  This Court considered Petitioner's mental health at the sentencing proceeding as well, stating "[i]t is clear that [the Petitioner] ha[s] psychiatric and mental health issues which do need substantial assistance and treatment…."  See Transcript of Sentencing Proceeding at p.6.  Petitioner fails to suggest what defense counsel should have emphasized regarding his mental illnesses that was not already addressed by the Court.  Because the Court already considered Petitioner's mental illness, the result of the proceedings would not have been different if his attorney had further emphasized the Petitioner's mental illnesses.  Petitioner's claim therefore fails the Strickland test and must be dismissed.

### 2.      Petitioner's Argument Regarding the Residential Reentry Center

Petitioner next asserts that counsel did not dispute or appeal his twelve-month sentence to a residential reentry center.  See Hull v. United States, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 24.  Petitioner claims that this is an "improper enhancement[] by suspect means" and caused "multiple punishments…."  Id.  He argues that his attorney did not object to the "inappropriate guideline range, or the actual sentence."  Id.

Petitioner's claim lacks merit in law and in fact.  First, Petitioner actually received a sentence well below the Sentencing Guidelines range and no enhancement took place.  Petitioner fails to assert how the twelve-month term in a residential reentry center is suspect.  Furthermore, Petitioner's counsel did dispute the terms of the residential reentry center when counsel filed a Motion for Reconsideration to modify the twelve-month sentence and this Court reaffirmed the originally imposed sentence.  See Transcript of the Sentencing Proceeding at p.12; United States v. Hull, Criminal No. 06-120 ECF Document #28, filed on Sept. 7, 2011.  Additional objections by counsel would be frivolous and would not create a reasonable probability of a different

outcome.  Accordingly, counsel was not deficient and Petitioner did not experience prejudice as required by the <u>Strickland</u> prongs.  Petitioner's claims therefore must be dismissed.

### 3.      Petitioner's Criminal History Argument

Petitioner additionally argues that his attorney misrepresented the "nature of his criminal history report…."  <u>See</u> <u>Hull v. United States</u>, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 24.  Petitioner's attorney, however, contested Petitioner's criminal history category on behalf of Petitioner.  Petitioner's counsel highlighted the fact that the Government did not indict Petitioner until after Petitioner served an unrelated state sentence.  Petitioner's counsel asserted that when Petitioner committed the federal crime, Petitioner had not yet been charged of a state crime and thus the Court should not consider the state crime as part of his criminal history.  <u>See</u> Transcript of Sentencing Proceeding at p. 3-4.  This Court acknowledged that the delay in this prosecution affected Petitioner's criminal history categorization and accordingly, sentenced Petitioner to a term almost a year less than that suggested by the Sentencing Guidelines range.  <u>See</u> Transcript of the Sentencing Proceeding at p. 5.  Petitioner fails to specify how counsel misrepresented Petitioner's criminal history.  Therefore, defendant's claim lacks a factual basis and must be dismissed.

### 4.      Petitioner's Additional Arguments

Petitioner makes vague arguments that counsel failed to "present[] all possible current, relevant information available…."  <u>See</u> <u>Hull v. United States</u>, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 24.  Nevertheless, Petitioner fails to specify what "relevant information" counsel failed to raise.  As the Government correctly argues, Petitioner fails to assert specific "acts or omissions of counsel" that show any unreasonableness as required by

10

<u>Strickland</u>.  Petitioner's motion carries a theme that the justice system in the United States is unfair and counsel's failure to raise these unpersuasive argument should not be considered a Sixth Amendment violation.[7]  Petitioner's arguments regarding ineffective assistance of counsel are therefore dismissed.

### C.      <u>Remaining Challenges</u>

#### 1.      **Trial Judge Reviewing § 2255 Motion**

Petitioner argues that it would be unfair if the trial judge who initially sentenced him were also assigned to review his § 2255 motion to alter his sentence.  See <u>Hull v. United States</u>, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 3.  Nevertheless, § 2255 explicitly states that a petitioner "may move the court <u>which imposed the sentence</u> to vacate, set aside, or correct the sentence." (emphasis added).   Furthermore, in <u>United States ex rel Leguillou v. Davis</u>, the Third Circuit held that: "one of the policy considerations underlying Section 2255 was the belief that it is desirable to give the sentencing judge the first opportunity to re-examine all circumstances of the conviction and sentence when they are said to have involved some fundamental injustice or impropriety."  212 F.2d 681, 684 (3d Cir. 1954).  As the Government correctly argues, the plain meaning of § 2255 itself demonstrates that Petitioner's argument lacks merit.  In contrast to Petitioner's argument, it is considered advantageous that the judge who sentenced Petitioner hears a subsequent <u>habeas</u> petition.  Petitioner's argument thus lacks a basis in law.

#### 2.      **Characterization as a Sexual Offender**

---

[7]  The Petition asserts that three years of supervised release is an "unauthorized enhancement which is void."  <u>See</u> <u>Hull v. United States</u>, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 20.  According to 18 USC §3583(b)(2), supervised release for up to three years is explicitly permitted.  Because sentence of supervised release is clearly permitted, his attorney had no duty to put forth an unpersuasive argument.  Petitioner's argument lacks merit.

Petitioner argues that he should not be characterized as a sexual offender and therefore he should not need to register with the state sex offender registry.  See Hull v. United States, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 4.  He argues that viewing or possessing prohibited materials should not be considered a sexual offense because these acts "lack … [sexual] contact."  Id.  Petitioner also claims that "no victim has been identified" by his crime.  Id. at 4-5.  Nonetheless, as the Government points out, the Adam Walsh Child Protection and Safety Act of 2006 explicitly requires that defendants convicted for possession of child pornography register as sexual offenders.  See Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, 120 Stat 587 (2006).  Petitioner pled guilty to possession of child pornography and accordingly must register with the state sex offender registry.  Furthermore, this Court has already noted that possession of child pornography is not a victimless offense, because it promotes an industry in which every child pictured is raped or otherwise abused.  See Transcript of Sentencing Report, at p. 6.  Thus, Petitioner's argument that he should not be characterized as a sexual offender is dismissed.

### 3.    Conditions of Confinement

Petitioner argues in his § 2255 motion that he was denied access to counsel and the law library while in confinement.  See Hull v. United States, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 16.  Nevertheless, the Court of Appeals for the Third Circuit has held that "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, a civil rights action under § 1983 is appropriate."  McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010).  Here, Petitioner's challenge to his conditions of confinement would not alter his sentence or undo his convictions

and therefore he must use a § 1983 claim to challenge the condition of confinement.  This claim

cannot be addressed in a § 2255 motion.


### 4.   Indictment Delay

Petitioner asserts that his sentence was excessive because the Government did not indict

him until 2006, four years after he committed the offense in 2002.  See Hull v. United States,

Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 19-20.[8]  While a statute of

limitations requirement exists to safeguard against "oppressive delay," the State need not "file

charges as soon as probable cause exists…."  United States v. Lovasco, 431 U.S. 783, 78-791

(1977).  The purpose of a statute of limitations is to "protect individuals from having to defend

themselves against charges when the basic facts may have become obscured by the passage of

time and to minimize the danger of official punishment because of acts in the far-distant past."

United States v. Marion, 404 U.S. 307, 323, 92 S. Ct. 455, 465, 30 L. Ed. 2d 468 (1971).

Thus, in order for an indictment delay to be considered a violation of the Due Process

Clause, Petitioner must show "evidence of actual prejudice and intentional delay by the

Government."  United States v. Ismaili, 828 F.2d 153 (3d Cir. 1987).  Even an indictment filed

five days prior to the expiration of a five-year statute of limitation has not been considered an

---

[8]  Petitioner claims that he was never served with an indictment and never officially arrested.
See Hull v. United States, Civil No. 11-7332, ECF Document #7, filed on Feb. 20, 2012, at p. 19.
Nevertheless, the Petitioner was indicted on February 16, 2006, although it was four years after
his offense in 2002.  He was properly arrested after he served an unrelated state sentence on
February 18, 2010 and arraigned on March 4, 2010.  This claim therefore must be dismissed.
Petitioner also argues that his sentence was enhanced because he was arrested after he served a
state sentence, and thus he could not serve his sentences concurrently.  Id.  This Court
acknowledged the government's delay in arresting Petitioner and therefore imposed a sentence
that was almost a year below that recommended by the Sentencing Guidelines.  Therefore,
Petitioner's claim of a sentence enhancement lacks a factual basis.

oppressive delay if appellants do not show that the State's delay was a deliberate strategic move. United States v. Sebetich, 776 F. 2d 412, 430 (3d Cir. 1985).

Here, the Petitioner's indictment was within four years of the offense, within the statute of limitations period.  Petitioner did not show any evidence of the Government's intentional delay or any actual prejudice that resulted.  Considering that Petitioner pled guilty, there were no witnesses and no trial evidence that the delay could affect and the Government did not gain an unfair advantage as a result of the delay.  Therefore, Petitioner's claim of a sentence enhancement is factually baseless.

### 5.      Failure to Receive a Copy of the Judgment of Conviction

Petitioner argues that, even though he requested a copy of the judgment of conviction, he never received it.  See Hull v. United States, Civil No. 11-7332, ECF Document #9, filed on Feb. 17, 2012, at p. 2; ECF Document #11, at p. 2, filed on Feb. 17, 2012.  From that, Petitioner infers that his sentence is unlawful.  The Federal Rules of Criminal Procedure state that a court clerk must provide notice of an order to litigants.  Fed. R. Crim. P. 49. The rule includes a caveat that "the clerk's failure to give notice does not affect the time to appeal, or relieve--or authorize the court to relieve--a party's failure to appeal within the allowed time."  Id.  Furthermore, the advisory committee notes on Rule 49 assert that "[n]o consequence attaches to the failure of the clerk to give the prescribed notice."  Fed. R. Crim. P. 49, advisory committee note #3.  Here, even if Petitioner did not receive the judgment of conviction, it has no significance. Furthermore, this Court informed Petitioner of his sentence at the sentencing hearing and therefore Petitioner cannot claim he was unaware of its content.  Petitioner's claim therefore must be denied.

## III.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Here, this Court denies a certificate of appealability since jurists of reason would not find it debatable that Petitioner failed to make the requisite showing.

## IV.    CONCLUSION

For all of the foregoing reasons, the Petition will be denied.  No certificate of appealability will issue.

An appropriate Order follows.


__s/ Stanley R. Chesler_____
**STANLEY R. CHESLER**
United States District Judge

Dated: June 9th, 2014